UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEANNA CAIN, | § | |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| TODD JOHNSON, in his individual capacity, and the CITY OF CEDAR PARK | § § § | |
|     *Defendants* | § § | |

## PLAINTIFF'S COMPLAINT

Defendants falsely arrested Plaintiff Deanna Cain, despite knowing she was innocent. Now that the charges have finally been dropped, Plaintiff files this lawsuit against Defendant Todd Johnson and the City of Cedar Park.

### I. PARTIES

1. Plaintiff Deanna Cain is a resident of Leander, Texas.

2. Defendant Todd Johnson is a City of Cedar Park police detective sued in his individual capacity for compensatory and punitive damages. He can be served with process at 911 Quest Parkway, Cedar Park, TX 78613.

3. Defendant City of Cedar Park is a Texas municipality, that operates the Cedar Park Police Department. It may be served through its city secretary, LeAnn M. Quinn, 450 Cypress Creek Rd., Bldg. 1, Cedar Park, TX 78613.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), and §1343 (civil rights).

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1), as all

relevant events occurred in the division, and all Defendants reside in this state.

6. This Court also has supplemental jurisdiction to consider Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

### III. FACTS

7. Deanna Cain is a resident of Leander, Texas.

8. During an investigation into allegedly fraudulent auto sales, Detective Todd Johnson of the City of Cedar Park Police Department completed an arrest affidavit that he knew to be false for the arrest of Ms. Cain.

9. Johnson alleged Ms. Cain had fraudulently wrote the wrong mileage for a car she had purchased on the application for a title loan. Acting on an anonymous tip, Johnson testified:

> I found a loan agreement that was completed and signed by Ms. Cain for an auto loan at Austin Telco Federal Credit Union for a 2005 Hummer. Along with the agreement was the Bill of Sale from Premier Auto Sales that showed the mileage at 49,582. …
>
> I then located in the packet the 'Application for Texas Certificate of Title,' … for the 2005 Hummer and had the mileage as 49,582. The form was signed by Ms. Cain and dated 10/19/12.
>
> After further research, I located a copy of the vehicle title and on the reverse side it shows the seller signing the title and stating the mileage as 123,019. It also shows Ms. Cain signing the title as the buyer on the date of sale as 10/29/12.
>
> Ms. Cain provided Austin Telco with the incorrect mileage so that she could be approved for the loan and then provided false information on the Application for Title, which is a 3rd Degree Felony.

10. This was false. Ms. Cain never misstated the mileage, and did not commit fraud. The documents simply are not as Johnson described them under oath. In fact, the

title application plainly shows the mileage was 123,019, the correct mileage when the car was sold to Ms. Cain.

11. Relying on Johnson's lies, a judge signed an arrest warrant, and the warrant was issued for Plaintiff's arrest. The false statements about the title application and mileage were necessary to establish probable cause. At the time the arrest warrant was signed, no reasonable officer, from the facts Johnson knew, would have concluded Plaintiff committed the crime. No probable cause existed to complete the arrest warrant.

12. Pursuant to his fraudulent affidavit, Ms. Cain was arrested. She was taken to the Williamson County jail, where she spent several hours before she was released.

13. Ms. Cain was forced to retain a criminal defense attorney to fight the false charges.

14. As a prominent realtor in the Leander community, Ms. Cain's reputation was tarnished by the arrest, in addition to the humiliation and fear that any other innocent person would experience when arrested.

15. Less than one week after her arrest, all the charges against Ms. Cain were dismissed after the prosecutor reviewed the "evidence." In fact, in the State's motion to dismiss the charges, the prosecutor wrote the "documentation referred [to] in the probable cause affidavit, the 'Application for Texas Certificate of Title,' … was never filed with the State or a bank in an fraudulent or inaccurate manner, rather the form submitted to the state *contains the current mileage statement. … [N]o crime was committed*" (emphasis added).

16. Unfortunately, Ms. Cain's arrest is part of a pattern, practice, or custom of the City of Cedar Park's police officers of fabricating evidence for arrest affidavits. In

addition to Ms. Cain, Cedar Park police officers, upon information and belief, have sworn out multiple arrest warrants to charge innocent people with crimes.

17. In fact, Johnson has been sued before for unlawfully detaining citizens.

18. Other Cedar Park police officers have been sued for lying on probable cause affidavits to arrest innocent civilians.

19. The City of Cedar Park, upon information and belief, fails to train its officers that it is unlawful to base arrest affidavits on false information.

20. The City of Cedar Park, upon information and belief, fails to supervise and discipline officers who swear out false arrest affidavits. In fact, though multiple City of Cedar Park police officers have been caught falsifying arrest affidavits in recent years, none of those officers have been disciplined by the City or Department.

21. Instead, officers like Johnson are routinely praised by the Department for their police work.

## IV. CAUSES OF ACTION

**FALSE ARREST AND DELIBERATE FABRICATION – 42 U.S.C. § 1983**

22. Johnson arrested Ms. Cain for fraud even though he knew (as any reasonable officer in his position would have known), he lacked probable cause to make such an arrest.

23. Johnson deliberately fabricated an arrest affidavit that caused Plaintiff to be charged with theft and arrested. Johnson's conduct was shocking, objectively unreasonable and plainly incompetent.

24. Johnson intentionally caused Ms. Cain to be arrested on charges he knew were unsupported by evidence, and failed to establish probable cause.

4

25. Johnson's conduct was objectively unreasonable, violated Ms. Cain's clearly established right to be free from false arrest on deliberately fabricated charges, and proximately caused Plaintiff to suffer significant damages. Accordingly, Johnson is liable for compensatory and punitive damages under 42 U.S.C. § 1983.

26. Johnson was acting under color of law at all relevant times.

### IV. MUNICIPAL LIABILITY

27. The City of Cedar Park, had the following policies and/or practices in place when Johnson falsely arrested Ms. Cain:

- Inadequately supervising its officers concerning probable cause in arrest affidavits;

- Failing to train its officers concerning probable cause in arrest affidavits.

28. Upon information and belief, the Department ratified Johnson's false arrest, and he was never disciplined for making false statements to a court.

29. Each of the policies delineated above was actually known, constructively known and/or ratified by the City of Cedar Park and its policymakers and was promulgated with deliberate indifference to Plaintiff's rights under the United States Constitution. Moreover, the known and obvious consequence of these policies was that City of Cedar Park police officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

30. Consequently, each of the above policies delineated above were a moving force of Plaintiff's constitutional deprivations and injuries that caused her to suffer significant damages.

5

## V. DAMAGES

31. Plaintiff seeks the following damages:

    a) Past and future economic damages;

    b) Past and future mental anguish;

    c) Attorneys' fees, including costs, expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

    d) Past and future damages for injury to Plaintiff's character and reputation;

    e) Pre and post-judgment interest at the highest rate allowable under law; and

    f) All other compensatory and/or general damages to which Plaintiff is entitled under state or federal law.

    g) Punitive and/or exemplary damages.

## V. REQUEST FOR A JURY TRIAL

32. Plaintiff respectfully requests a trial by jury.

## VI. PRAYER FOR RELIEF

33. To right this injustice, Plaintiff requests that this Court:

    a) Award compensatory damages and all other recoverable damages (including punitive damages) to Plaintiff and against the Defendants;

    b) Award and allow Plaintiff costs, including expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

    c) Award prejudgment and post-judgment interest at the highest rate allowable under the law; and,

    d) Award and grant such other just relief as the Court deems proper.

Dated: January 18, 2016.

Respectfully submitted,

Edwards Law
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
  Tel.   512-623-7727
  Fax.  512-623-7729

By    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
SCOTT MEDLOCK
State Bar No. 24044783

ATTORNEYS FOR PLAINTIFF